[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AFTER RECONSIDERATION
On July 11, 1996, this court filed its decision dismissing the plaintiff's appeal in this case. The court's decision was based only on the administrative record and the briefs of the parties, the plaintiff and his attorney having failed to appear for the scheduled oral argument. Subsequently, the court granted the plaintiff's motion to open the judgment and permit oral argument, based upon its finding that the plaintiff had not received notice of the original court hearing. The court has now heard oral argument presented by both parties and affirms its earlier decision.
In his brief to the court, the plaintiff had advanced essentially four arguments in support of his appeal. The court considered and rejected all of them in formulating its earlier written decision. At oral argument, the plaintiff emphasized two of those contentions, and the court focuses on those in rendering this additional decision on the appeal.
The plaintiff claims that he was at a disadvantage at the administrative hearing, which was conducted by a hearing officer for the division of special revenue, because he was not represented by an attorney. A review of the transcript of the hearing indicates that there may be some truth to the plaintiff's assertion. Indeed, at one point during the hearing, the hearing officer cautioned the plaintiff that he was making a rash statement that shouldn't be "on the record." There is nothing in the record, however, to indicate that the plaintiff was in any way denied the right or opportunity to be represented by an attorney. Rather, the notice to the plaintiff advising him of the purpose and scope of the hearing contained the specific advice that "You, of course, may be accompanied by your attorney if you so CT Page 7906 desire." Furthermore, the plaintiff requested and obtained a postponement of the hearing to enable him to prepare for it, so it may be assumed he had time to retain an attorney in advance if he chose.
Based on the evidence in the record summarized above, the court concludes that the plaintiff had the right and opportunity to be represented by an attorney at the administrative hearing but nevertheless chose to proceed pro se. This exercise of free choice on his part, wise or unwise, does not afford a basis for reversing the agency's decision.
The plaintiff also urges the court to sustain his appeal on the basis that he was effectively denied the opportunity to present certain evidence at the administrative proceeding. Specifically, he argues that the gaming appeals board wrongfully denied his request to return the case to the division of special revenue so that he could present additional evidence to the hearing officer. This came about as follows.
Following the decision of the division's hearing officer denying the plaintiff's application for licensure, he appealed to the gaming policy board pursuant to General Statutes § 12-574 (j) and Regs. Conn. State Agencies § 12-562-46a. The board heard his appeal and at that hearing, for the first time, the plaintiff was represented by counsel. Counsel for the plaintiff requested that the board remand the case so that additional evidence could be considered at the division level. The newly proffered evidence consisted of letters of recommendation, employee evaluations of the plaintiff, psychiatric evaluations of the plaintiff and evidence concerning the criminal records of other licensees.
The board denied the plaintiff's motion for remand to the division for the taking of additional evidence and sustained the decision of the division.
Pursuant to Regs. Conn. State Agencies § 12-562-46a(g), no new evidence may be presented to the board on appeal; rather, the board must rely on the record of the division hearing. With respect to evidence not submitted at the division level, subsection (f) of the regulation CT Page 7907 provides: "If before the date set for oral argument it is shown to the satisfaction of the board that the presentation of additional evidence is material and that there were good reasons for failure to present it in the proceedings before the division, the board may permit the additional evidence to be taken before the division which may thereafter modify its decision."
The plaintiff argues that the evidence he wishes to present at a new division hearing did not exist at the time the first hearing was held. More specifically, he claims that he did not obtain the character references, the favorable psychiatric examination, or the evidence concerning the handling of other license applications, in advance of the original hearing because he was not represented by counsel at the time and did not realize the potential importance of such evidence. The plaintiff claims that the letters and reports would be relevant to the issue of his suitability and rehabilitation. The criminal records of other licensees would, he argues, demonstrate that the division held his application to a more rigorous standard than in other cases.
With respect to the character references and the psychiatric reports, the court agrees that these items would have been material evidence, although clearly not conclusive, on issues that the hearing officer had to consider. It cannot be said, however, that these items were not available at the time of the original hearing. In fact, they could have been available whenever the plaintiff undertook to obtain them. The plaintiff is again arguing, in essence, that the presentation of his case at the division level was flawed because he did not have an attorney to advise him. But the failure to perceive that certain evidence that is available would be helpful to one's case is not a "good reason(s) for failure to present it in the proceedings before the division," within the meaning of the regulation. If it were, the exceptions would soon swallow the rule. The court concludes that the board did not abuse its discretion in refusing to remand the case to the division for the taking of additional evidence related to the plaintiff's character and psychological health.
The same reasoning applies to the proffer of CT Page 7908 evidence concerning the defendants' handling of applications from other people with criminal records. The plaintiff's argument on this issue fails also because such evidence would not be material to the decision on the plaintiff's application.
A successful claim of selective enforcement of the law depends "on proof that (1) the person, compared with others similarly situated, was selectively treated; and(2) that such selective treatment was based onimpermissible considerations such as race, religion.intent to inhibit or punish the exercise ofconstitutional rights, or malicious or bad faith intentto injure a person." (Citations omitted; emphasis added.)Schnabel v. Tyler, 230 Conn. 735, 762 (1994). This rule recognizes that different officials, acting at different times, may have different, but equally legitimate, views on how to discharge the responsibilities of their office or on how a particular law should be enforced. So long as their actions are within the range permitted by law and are taken in good faith, however, the law respects their differences.
In the context of the present case, the rule summarized in Schnabel v. Tyler, supra, means that it would not be sufficient for the plaintiff to prove only that other applicants with comparable criminal records received more favorable treatment than he did. The plaintiff would also have to prove that the defendants singled him out for less favorable treatment because of his race, religion or some other protected classification or because of some malicious or bad faith intent to injure him. There is, however, no hint of any such impermissible considerations in the record, nor is there any offer of proof or other claim in that regard. Under these circumstances, it is reasonable to infer that the plaintiff has no evidence to present on that issue, and consequently his claim of selective enforcement of the law would not be sustainable. Lacking such evidence of bad faith or illegality, any evidence of disparate treatment of other applicants would not be material.
For all of the foregoing reasons, the court holds that the board did not abuse its discretion in refusing to remand the case to the division for the taking of CT Page 7909 additional evidence. In all other respects, the court affirms its original decision in this case.
The plaintiff's appeal is dismissed.
MALONEY, J.